UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD D.W. NORTH,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHEN ROSENOFF, et al.,<br><br>    Defendants. | Case No. 16-cv-02829 NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ROSENOFF'S MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING NORTH'S APPLICATION FOR A WRIT OF ATTACHMENT**<br><br>Re: Dkt. Nos. 29, 35 |

This dispute arises from a legal retainer agreement for plaintiff Gerald D.W. North to provide legal services to Clear View Technologies (CVT). North asserts that defendant Stephen Rosenoff was a "Funding Member of the Board" of CVT and personally guaranteed CVT's obligations to North. North asserts Rosenoff breached his obligations to pay him, and that he is owed $135,901.90. Rosenoff moves to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Because the Court accepts the well-pled facts in the complaint as true, the Court GRANTS IN PART and DENIES IN PART Rosenoff's motion to dismiss, and GRANTS leave to amend. In addition, the Court DENIES North's application for a writ of attachment.

**I.   BACKGROUND**

North entered into an agreement to represent CVT in a case against John Rasnick. Dkt. No. 27 (Second Amended Complaint, "SAC") at 2. Rosenoff, a member of the CVT

Case No. 16-cv-02829 NC

board, was a "party" to the retainer agreement, which stated that the members "would fund certain agreed-upon costs incurred in connection with the Rasnick Litigation." *Id*. The documents at issue in this case are the Legal Representation Agreement and referenced Funding Agreement, and the Supplemental Agreement Re: Rasnick Appeal and attached Addendum. *Id*. at 10-20 (attached to SAC). In relevant part, the Legal Representation Agreement, dated May 22, 2013, states:

> CVT's legal expenses are being underwritten by certain members of its Board of Directors . . . who have, or are, either advancing funds to CVT to prosecute the claims or acquiring the claims in return for a contingent payment to CVT. Each of these members are hereby personally guaranteeing payment of their proportional share of the fees and costs . . . .

*Id*. at 11. The Funding Agreement provides that where a funding member misses a payment of retainer or costs, that member has seven days to "cure," but if they do not "cure," they are excluded from further participation in the deal. *Id*. at 15. In a later Supplemental Agreement meant to "make provision" for an appeal of the Rasnick trial, effective September 30, 2015, Rosenoff, along with the other funders provided:

> 3. Funders hereby reaffirm their personal guarantees of one-half of the fees and costs of the appeal. Funders further reaffirm their outstanding obligation to Counsel, as reflected in the most recent Current Balance provided by Counsel, less any payment made since. Funders agree to make monthly payments . . .

*Id*. at 17. North seeks to recover Rosenoff's portion of the costs from the Rasnick Litigation, on which in August 2015, Rosenoff stopped making payments. *Id*. at 3. The remaining balance, according to North is $135,901.90. *Id*. at 2.

The operative complaint, the Second Amended Complaint, alleges claims for (1) breach of contract against CVT; (2) breach of contract against Rosenoff; (3) third party beneficiary liability against Rosenoff; (4) an account stated against Rosenoff; and (5) specific performance against CVT. SAC. North and Rosenoff consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636, but CVT has not. Dkt. Nos. 8, 19.

Case No. 16-cv-02829 NC           2

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

Rosenoff moves to dismiss the Second Amended Complaint on the basis that (1) North, as a third party, has no standing to sue under the Legal Representation Agreement or related Funding Agreement; (2) the Legal Representation Agreement provided North with his exclusive remedy if a funding member elected to stop advancing cash to CVT to fund the Rasnick Litigation; (3) North failed to plead all conditions precedent to trigger a contractual duty by Rosenoff; and (4) the Supplemental Agreement is not an account stated. Dkt. No. 35. The Court also considers North's application for a writ of attachment. Dkt. No. 29.

### A. North Sufficiently Alleged Standing to Sue Rosenoff Under the Agreements.

"A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Cal. Civ. Code § 1559. Under a

Case No. 16-cv-02829 NC           3

contract, a third party qualifies as a beneficiary if that was the parties' intent, "and the terms of the contract make that intent evident." *Karo v. San Diego Symphony Orchestra Ass'n*, 762 F.2d 819, 821-22 (9th Cir. 1985) (citations omitted). "Although a third party need not be expressly named or identified in a contract, a party must demonstrate 'that [it] is a member of a class of persons for whose benefit it was made.'" *Balsam v. Tucows Inc.*, 627 F.3d 1158, 1161 (9th Cir. 2010) (quoting *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1023 (2009)). "Whether the third party is an intended beneficiary . . . involves construction of the intention of the parties, gathered from reading the contract as a whole in light of the circumstances under which it was entered." *Prouty v. Gores Tech. Gr.*, 121 Cal.App.4th 1225 (2004); *Balsam*, 627 F.3d at 1161.

Rosenoff, as a board member who signed the Legal Representation Agreement between CVT and North, "personally guarantee[d] payment" of his "proportional share" of the *legal* fees and costs incurred as a result of the Rasnick Litigation. SAC at 11 (emphasis added). Furthermore, North provides as an exhibit to the Second Amended Complaint the Supplemental Agreement regarding the Rasnick Litigation. According to North, in that Agreement, Rosenoff, along with the other funders, reaffirmed their "outstanding obligation" to North "reflected in the most recent Current Balance provided by" North. *Id*. at 4. Thus, for purposes of this motion, and taking into account the alleged circumstances surrounding the entering of the Legal Representation Agreement and Supplemental Agreement, the Court finds North was a third party beneficiary of the agreements. *Balsam*, 627 F.3d at 1161.

**B. The Legal Representation Agreement Did Not Provide North His "Exclusive and Limited" Remedy If a Funding Member Elected to Stop Advancing Cash to CVT to Fund the Rasnick Litigation.**

Rosenoff argues the Legal Representation Agreement states that as between North and CVT, "where a Funding Member Stops advancing funds, Plaintiff North could elect to absorb the unpaid costs, or take the Funding Member's contingent share, or withdraw from CVT's representation, period." Dkt. No. 35 at 21. The Court reject's Rosenoff's attempt to limit the language of the Agreement, which states:

Case No. 16-cv-02829 NC            4

> In the event one or more, but not all, of the funding members default by failing timely to make a payment of fees or of invoiced costs, and the payment is not received within a seven (7) day 'cure' period, the remaining funding members may fund the defaulting member(s) share or may find one or more other directors to fund in place of the defaulting member or members. In the event they do not do so, North *may* elect to forego the unpaid portion of fees and/or absorb the unreimbursed share of costs that were to be paid by the defaulting member or members and acquire the member or members' remaining interest in the participation provided in the funding agreement between and among the funding members and the company or he *may* elect to withdraw from the representation.

SAC at 12 (emphasis added). Because the quoted language is permissive, not mandatory, the Court does not find for purposes of this motion that the Legal Representation Agreement was North's exclusive remedy. The Court finds the same is true with respect to the Funding Agreement's permissive language (in case a funder drops out from funding the Rasnick Litigation, the other members assume their position, but if all members drop out, North has several unlimited options for relief). SAC at 15.

### C. North Did Not Adequately Plead the Conditions Precedent to Trigger a Contractual Duty By Rosenoff.

Rosenoff argues North has not shown he complied with the conditions precedent in the Legal Representation Agreement. Dkt. No. 35 at 24. To state a claim for breach of contract, "the plaintiff must plead the existence of a contract, its terms which establish the obligation in issue, the occurrence of any conditions precedent to enforcement of the obligation, and the breach of that obligation." *FPI Dev., Inc. v. Nakashima*, 231 Cal. App. 3d 367, 383 (1991). "Where contractual liability depends upon the satisfaction or performance of one or more conditions precedent, the allegation of such satisfaction or performance is an essential part of the cause of action." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1389 (1990), *as modified on denial of reh'g* (Oct. 31, 2001).

As Rosenoff correctly points out, North has not alleged in the complaint he fulfilled the conditions precedent regarding preapproved costs in the Legal Representation Agreement. Dkt. No. 47 at 10. Yet North cited to declarations that provide that he did

Case No. 16-cv-02829 NC            5

1  fulfill such conditions precedent.  Therefore, while the Court does find that North failed to
2  allege the satisfaction of conditions precedent in the Second Amended Complaint, given
3  the federal system's liberal amendment policy, the Court grants North leave to amend his
4  complaint to add such facts.  *Lopez*, 203 F.3d at 1127.

### D. North Adequately Pled the Supplemental Agreement Was An Account Stated.

The elements of an account stated are: "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." *Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597, 600 (1969).  In the Second Amended Complaint, North alleges:

> 31. On or around October 10, 2015, Plaintiff provided Rosenoff with a statement that the amount Rosenoff owed for the Rasnick Costs . . . was $146,154.40.
>
> 32. On or around December 21, 2015, Rosenoff acknowledged to Plaintiff in the Supplemental Agreement that Rosenoff reaffirmed the obligation to Plaintiff 'reflected in the most-current balance provided by Counsel [Plaintiff], less any payments made since.'

SAC at 6.  At the motion to dismiss stage, the Court will not weigh the evidence.  As a result, because of the prior transactions between the parties, and the facts pled in the Second Amended Complaint alleging the existence of an account stated and Rosenoff's acceptance of such, the Court finds North adequately pled the Supplemental Agreement was an account stated.

### E. North May Not Attach Rosenoff's Real Property.

A court may issue a right to attach order if it finds all of the following:

> (1) The claim upon which the attachment is based is one upon which an attachment may be issued.
>
> (2) The plaintiff has established the probable validity of the claim upon which the attachment is based.
>
> (3) The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.

Case No. 16-cv-02829 NC            6

>> (4) The amount to be secured by the attachment is greater than zero.

Cal. Civ. Proc. Code § 484.090(a).  An attachment may be issued on claims for money based on an express or implied contract, "where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five hundred dollars ($500) exclusive of costs, interest, and attorney's fees."  Civ. Proc. § 483.010(a).  "A claim has 'probable validity' where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim."  Civ. Proc. § 481.190.  Where the defendant is a natural person, interests in real property may be attached.  Civ. Proc. § 487.010.

The application meets the first prong of § 484.090: this action revolves around a readily ascertainable claim arising from a contract for greater than $500.  Civ. Proc. § 484.090(a)(1).  The Court stops at the second prong.  While the Court denies Rosenoff's motion to dismiss or grants it with leave to amend, the Court's refusal to dismiss claims with prejudice has no bearing on the merits of North's case.  This is especially true where the Court has given North leave to amend insufficiently pled facts, so the Court cannot find "it is more likely than not" that North will prevail over Rosenoff on the merits.  Civ. Proc. § 481.190.

## IV.  CONCLUSION

For the reasons stated above, the Court GRANTS in part and DENIES in part Rosenoff's motion to dismiss the Second Amended Complaint.  The Court DENIES the application for a writ of attachment.  The Court gives North LEAVE TO AMEND his complaint accordingly.  The amended complaint must be filed within 14 days of this order.

**IT IS SO ORDERED.**

Dated:  December 19, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 16-cv-02829 NC               7